appeal to this Court in such a case as this, the appeal from the decision of the Criminal Court must therefore be dismissed; and the cases of *Savage Man'g. Co. vs. Owings*, 3 *Gill,* 497; *Swann vs. Mayor, &c. of Cumberland,* 8 *Gill,* 152; *Webster vs. Cockey,* 9 *Gill,* 93; and *Baltimore and-Havre de Grace Turnpike Co. vs. Northern Central R. R. Co.,* 15 *Md. Rep.,* 193, may be referred to as conclusive authorities upon the question.

*Appeal dismissed.*

(Decided 13th March, 1868.)

---

JOHN REIDEL *vs.* JONATHAN TURNER, use of ROBERT TURNER.

*Constitutional Construction—Jurisdiction of the Superior Court of Baltimore City.*

The Superior Court of Baltimore City, under the 11th section of Article IV, of the Constitution of 1851, has authority to render a judgment on a verdict for less than five hundred dollars.

APPEAL from the Superior Court of Baltimore City.

The appellee, on the 28th of October, 1863, sued out an attachment on warrant, against the appellant, a non-resident, to recover $502.56, alleged to be due on open account. To this action the appellant appeared, after giving bond, with surety, to pay and satisfy any judgment that might be recovered against him. The attachment being thus dissolved, the appellee filed his declaration, with the usual money counts, claiming $5,000. The appellant pleaded, that he was not indebted as alleged, and that he had paid the appellee for all moneys, goods and property, in the dealings had between them. Issue was joined thereon, and a verdict was rendered

for the appellee, for $402. This was followed by a motion for a new trial, which on being overruled, was succeeded by a motion to enter a judgment of *non pros,* because the debt claimed and set out in the bill of particulars, was a sum below the jurisdiction of the Court; and also to arrest the judgment because the verdict was rendered for a sum of money below the jurisdiction of the Court. The motion was overruled and judgment was rendered for the sum found by the jury, as also for costs. Thereupon this appeal was taken.

The cause was argued before BARTOL, C. J., BRENT, MILLER and ALVEY, J.

*Benjamin C. Barroll,* for the appellant:

As this suit was to recover a "debt," the Court of Common Pleas, was vested with the jurisdiction: sections 10 and 11 of Art. 4 of the Constitution of 1851. In actions of debt the amount of the verdict is the test of jurisdiction — that ascertains the debt. In actions of *tort,* the damage claimed in the declaration, is the test. *Ott vs. Dill,* 7 *Md. Rep.,* 251. The Constitution clearly defines and limits the jurisdiction of the Court of Common Pleas and of the Superior Court. It is true that, after defining the jurisdiction, the 11th section proceeds, "and in case any plaintiff shall recover less than the sum," &c. But the appellant submits, that this language has reference to suits *ex delicto,* suits sounding in damages, where, although the sum *claimed* exceeded $500, the damage ascertained by the verdict was less. It is a *restriction,* a provision in relation to "costs," not an *enlargement* of the *jurisdiction,* conferred in the previous portion of the section. If the "*damage claimed,*" exceeds $500, the jurisdiction appears on the face of the declaration and the demand of the Constitution is satisfied; the plaintiff may "*recover*" less, however, subject to the payment of costs in the discretion of the Court. But in an action for a *debt,* unless the debt exceeds $500, the

jurisdiction never attaches; there is no "recovery," and the whole case is *coram non judice.* In order to a recovery there must be a valid verdict and judgment. To repeat, unless "the matter in dispute," which is the debt in this case, ($402,) is within the jurisdiction of the Court, there can be no judgment, and the verdict determines the debt *ab initio.* Was it proper to sue for this sum in the Superior Court? It is clear that, in suits for debt, the Constitution intended each Court to have *exclusive* jurisdiction. As if to provide for inadvertence, the Code allows a removal of a cause, improperly brought into the Superior Court. *Code of Public General Laws, Art. 29, sec.* 50; see the recent case in the Supreme Court United States, *Lee vs. Watson,* 1 *Wallace,* 337; and also *The Turnpike Co. vs. Barnes,* 6 *H. & J.,* 57; *Offutt vs. Offutt,* 2 *H. & G.,* 178.

The foregoing views seem to be confirmed by sec. 12 of Art. 75, of the Code of Public General Laws, which allows a set-off to defeat a plaintiff's suit, unless the sum (debt) remaining due, shall be sufficient to support a judgment in the Court, according *to its established jurisdiction,* according to the views of the appellee in this case, the Superior Court may render a judgment for a debt of five dollars. It is respectfully submitted that the opinion expressed in *Abbott vs. Gatch,* 13 *Md. Rep.,* 335, on this point, was an *obiter dictum.* One prominent distinction between that case and the one at bar, is the amount claimed; in the former the amount exceeded $5,000, in the latter it does not reach $500, as the bill of particulars filed in the case, when accurately added up, shows an indebtedness of only $402.56.

*John H. Ing,* for the appellee:

The Superior Court of Baltimore City, under sec. 11 of Art. 4, of the Constitution of 1851, has jurisdiction over all suits, where "the debt or damage claimed" shall exceed $500. In case of recovery for less than $500, costs to be allowed in the discretion of the Court. The Superior Court (MARTIN,

J.) allowed the verdict and gave costs, and in this there is no error sufficient to vacate or disturb the judgment. *Abbott vs. Gatch,* 13 *Md. Rep.,* 335.

By THE COURT: The judgment of the Superior Court in this case will be affirmed upon the authority of *Abbott vs. Gatch,* 13 *Md. Rep.,* 335.

*Judgment affirmed.*

(Decided 16th March, 1868.)

THE BALTIMORE CANNEL COAL AND IRON COM-
PANY *vs.* JAMES C. STEUART.

*Construction of the Constitution of 1864—Jurisdiction of the Superior Court of Baltimore City.*

The Superior Court of Baltimore City, under the 33d section of Article
IV, of the Constitution of 1864, was authorized to enter up a judgment,
on a verdict for a thousand dollars.

APPEAL from the Superior Court of Baltimore City.

This was an action of *assumpsit,* brought by the appellee to recover the sum of $1,000, which he claimed to be due him for one year's salary, as secretary of the appellant. The bill amounting to $1,000, was filed with the declaration, together with an affidavit that the appellant was justly and *bona fide* indebted to the appellee in said sum. The declaration claimed $1,500. The cause was tried, and the jury found a verdict in favor of the appellee for $1,000. Thereupon the defendant moved an arrest of judgment for the following reasons :

First. Because the case was not within the jurisdiction of this Court, in that, the amount claimed as due the plaintiff by