J.) allowed the verdict and gave costs, and in this there is no error sufficient to vacate or disturb the judgment. *Abbott vs. Gatch*, 13 *Md. Rep.*, 335.

BY THE COURT: The judgment of the Superior Court in this case will be affirmed upon the authority of *Abbott vs. Gatch*, 13 *Md. Rep.*, 335.

*Judgment affirmed.*

(Decided 16th March, 1868.)

---

THE BALTIMORE CANNEL COAL AND IRON COM-
PANY *vs.* JAMES C. STEUART.

*Construction of the Constitution of 1864—Jurisdiction of the Superior Court of Baltimore City.*

The Superior Court of Baltimore City, under the 33d section of Article IV, of the Constitution of 1864, was authorized to enter up a judgment, on a verdict for a thousand dollars.

APPEAL from the Superior Court of Baltimore City.

This was an action of *assumpsit*, brought by the appellee to recover the sum of $1,000, which he claimed to be due him for one year's salary, as secretary of the appellant. The bill amounting to $1,000, was filed with the declaration, together with an affidavit that the appellant was justly and *bona fide* indebted to the appellee in said sum. The declaration claimed $1,500. The cause was tried, and the jury found a verdict in favor of the appellee for $1,000. Thereupon the defendant moved an arrest of judgment for the following reasons :

First. Because the case was not within the jurisdiction of this Court, in that, the amount claimed as due the plaintiff by

the defendant, exclusive of interest, and over and above all discounts and credits, and sworn to in the affidavit annexed to the declaration in this case, did not exceed the sum of $1,000, exclusive of interest, the amount limited as the jurisdiction of this Court, this being a case of alleged contract.

Second. And for other defects apparent upon the face of the record.

The motion in arrest of judgment was overruled by the Court, and judgment was rendered on the 14th day of June, 1866, for $1,000, the amount found by the jury, with interest from May 22d, 1866, and costs. The defendant appealed.

The cause was argued before Stewart, Brent, Miller, and Robinson, J.

*John D. Lipscomb,* for the appellant:

Section 33, of Article IV, of the Constitution of 1864, under which the Superior Court derived all its powers, reads as follows: "The Superior Court of Baltimore City shall have jurisdiction over all suits where the debt or damage claimed, exclusive of interest, shall exceed the sum of $1,000; and in case any plaintiff shall recover less than the sum or value of $1,000, he, or they, shall be allowed or adjudged to pay costs in the discretion of the Court." Section 34, reads as follows: "The Court of Common Pleas shall have civil jurisdiction in all suits where the debt or damage claimed, exclusive of interest, shall be over $100, and shall not exceed $1,000."

The single point, therefore, in this case is, what is the force of the words "debt or damage claimed, exclusive of interest," do they refer to the amount of the plaintiff's bill, to which he made affidavit, or to the formal conclusion of the declaration, "the plaintiff claims $1,500?" In the case of *Ott vs. Dill,* 7 *Md. Rep.,* 251, it was decided that "in cases of contract, the sum recovered, and not the matter put in demand, is made to decide the question of jurisdiction." "The

rule established by an Act passed in 1824, (and which has been uniformly adhered to ever since,) to test the jurisdiction of justices of the peace, in cases of *tort*, has been, the damages claimed, and not the sum recovered. In cases of contract, a different principle seems to have prevailed, and in all such cases, the sum recovered, and not the matter put in demand, is made to decide the question of jurisdiction." In cases of damage, the amount claimed is always the amount named in the formal conclusion, no other amount being stated in the declaration; and as it is impossible to know with certainty, until tried, the exact amount of damage suffered, the amount claimed in the formal closing of the declaration, must be allowed to fix the jurisdiction, and hence the provision, that in case the plaintiff shall recover less than $1,000, he shall be adjudged to pay costs, in the discretion of the Court. If this were not the case, as juries see differently, justice, in cases of damages, might become impossible. But in cases of debt, what is the debt claimed? Without doubt, the bill of plaintiff, to which he makes affidavit. In this case, the plaintiff swears that the amount of his debt, all that he claims, is $1,000. The jury found for him, in that amount, thus shewing that the amount of debt claimed, proved, and found to be due, was $1,000. This is made more apparent from the words "without interest," used in the Constitution. They have no force whatever, unless the debt claimed, refers to the amount of the bill, to which affidavit has been made. You cannot add the interest, in order to make it exceed the sum of $1,000, and bring it within the jurisdiction of the Court. How can interest be claimed, or excluded, in the formal conclusion of the declaration? If the amount stated and claimed, in the formal conclusion, be the amount of debt claimed, and thereby give jurisdiction, then every plaintiff has the right to bring his cases, large or small, in whatever Court he pleases. And he, not the Constitution, decides the jurisdiction of the Court, as on a debt of $50, he could sue, either before a magistrate, in the Court of Common Pleas, or in the Superior

Baltimore Cannel Coal and Iron Company *vs.* Steuart.

Court, by making his claim, $100, $500, or $1,500, according to his pleasure; and in fact, by appeal, to this Court. Section 34 clearly gives the Court of Common Pleas jurisdiction in cases of $1,000, and there was no concurrent jurisdiction.

*James L. Clark* and *John P. Poe*, for the appellee:

The decision of the question in this case depends upon the true construction of secs. 33 and 34 of Art. 4 of the Constitution of 1864, defining the jurisdiction of the Superior Court and Court of Common Pleas of Baltimore city. Whenever the debt or damage claimed, exclusive of interest, exceeded $1,000, the Superior Court, under that Constitution, had jurisdiction; whenever it did not exceed that amount, jurisdiction was conferred upon the Court of Common Pleas. In the case under review, the declaration claimed $1,500, and the verdict was for $1,000, and the argument of the appellant's counsel is, that the words "debt or damage claimed," meaning, when applied to actions *ex contractu,* the sum recovered—and that being neither more nor less than, but precisely $1,000—the Superior Court had no jurisdiction to enter up judgment on the verdict, and hence his motion in arrest of judgment should have been granted. This argument, it is respectfully submitted, is fallacious in two particulars:

1st. It is not conceded that the test of the jurisdiction of the two Courts named is, in actions *ex contractu,* the sum *recovered,* and not that *claimed* in the declaration; and,

2d. Even if the sum recovered determines the jurisdiction, still, here, that *not being less than* $1,000, the Superior Court, by the very terms of section 33 of Article 4, which provides "that in case any plaintiff shall recover *less than* $1,000, he shall be allowed or adjudged to pay costs in the discretion of the Court," was bound to enter up judgment, and could not even allow costs to the defendant. This question, it was supposed, had been settled by the decision in *Abbott vs. Gatch,* 13 *Md. Rep.,* 314, upon which the appellee relies, and *Reidel vs. Turner,* 28 *Md. Rep.,* 362.

The counsel for the appellant however in order to escape the force of that decision, maintains, moreover, that the amount technically claimed in this suit is not the $1,500 claimed in the *declaration*, but the amount named in the affidavit accompanying it, which being merely $1,000, upon its face showed that the Court had no jurisdiction.   But it is submitted that had a demurrer been filed by the appellant, it would have been overruled, and judgment given for the appellee, because the declaration showed a claim within the jurisdiction of the Court, which claim the Court could not have disregarded, although the affidavit specified a lesser sum.   At all events, the cause having proceeded to trial, and the jury having given $1,000, the Court had no alternative but to enter up judgment accordingly.  The ruling of the Court below should, therefore, be affirmed.

By THE COURT: The judgment in this case is affirmed, upon the authority of *Abbott vs. Gatch*, 13 *Md. Rep.* 335, and *Reidel vs. Turner*, 28 *Md. Rep.*, 362.

*Judgment affirmed.*

(Decided 4th June, 1868.)

PETER GREENWOOD *vs.* JOSEPH GREENWOOD.

*Pleading and Evidence in an action on the case, Per Quod Servitium Amisit — The right of a Father to maintain an action for the Seduction of his Daughter under age, although not Living with him at the time of the offence — The age at which the Legal control of a Father over his Daughter ceases — The Weight of English Decisions since the American Revolution —*